FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 24 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AARON DOYLE, <br><br>          Plaintiff - Appellant, <br><br>    v. <br><br> BRIAN CHASE; LAW OFFICES OF BRIAN CHASE PLLC, <br><br>          Defendants - Appellees. | No. 10-35545 <br><br> D.C. No. 2:09-cv-00158-RHW <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, Senior District Judge, Presiding

Argued and Submitted May 2, 2011
Seattle, Washington

Before: SCHROEDER, McKEOWN, and CALLAHAN, Circuit Judges.

Plaintiff Aaron Doyle appeals the district court's grant of summary

judgment in his action under the Computer Fraud and Abuse Act ("CFAA"), 18

U.S.C. § 1030, against Brian Chase and the Law Offices of Brian Chase

(collectively, "Chase"). Doyle asserts that Chase violated the CFAA by accessing,

---

      *      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

without Doyle's authorization, Doyle's USB thumb drive, which contained personnel records sealed by the California state court. Doyle contends that he satisfied the "loss" requirement as defined by 18 U.S.C. § 1030(e)(11) because of his need for a forensic computer expert to detect and delete all of the documents that were copied from the thumb drive to Chase's computers.

The district court concluded that even accepting Doyle's theory of loss, his assessment of loss is entirely speculative. We agree. Doyle bases his loss assessment solely on two expert declarations. The district court correctly concluded that the discussion of damages in the first declaration was too speculative to survive summary judgment. *See e.g., Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) ("Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment."). The second, which attempts to calculate the basis for the future expenditure of more than $5,000, was submitted well beyond the discovery deadlines. The district court did not abuse its discretion by refusing to consider this untimely declaration. *See, e.g., Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

**AFFIRMED**.

2